IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Ashli Peoples, Administrator of the Estate of Damere M. Crockett, deceased,**<br><br>            Plaintiff,<br>    **v.**<br><br>**Brett L. Posey, et al.,**<br><br>            Defendants. | Case No. 2:23-cv-00524<br><br>Judge Graham<br><br>Magistrate Judge Vascura |

## OPINION AND ORDER

This matter is before the Court upon the Defendants' motions to dismiss filed on May 31, 2023 (ECF No. 6), June 26, 2023 (ECF No. 17), and July 5, 2023 (ECF No. 18), all of which concern this Court's subject matter jurisdiction over the Plaintiff's Complaint given Plaintiff's filing of a related action currently pending in the Ohio Court of Claims. Because the related proceedings in the Court of Claims bear upon this Court's subject matter jurisdiction over the instant action, as more fully discussed below, Plaintiff's Complaint is hereby **DISMISSED** without prejudice as to all claims set forth therein.

## DISCUSSION

On February 3, 2023, Plaintiff Ashli Peoples brought the present action on behalf of the estate of Damere M. Crockett, who died during a medical episode in February 2021 while he was incarcerated at Ross Correctional Institution ("RCI"). Broadly stated, Ms. Peoples' Complaint alleges that the Defendants—all of whom are alleged to have been employees of Ohio Department of Rehabilitation and Corrections ("ODRC') working at RCI during the relevant period—are liable under various theories of law for their acts or omissions during the decedent's medical episode. Pl.'s Complaint (ECF No. 1).

1

Three (3) identical motions to dismiss have been filed on behalf of the Defendants. ECF No. 6; ECF No. 17; ECF No. 18. Defendants argue that dismissal is warranted under Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction over the instant Complaint based upon the Ohio Court of Claims Act. *Id.* Defendants assert that Ms. Peoples, having filed a suit in the Ohio Court of Claims based upon the same "act or omission" alleged in Plaintiff's Complaint, has waived any cause of action based thereon. *Id.*

The Ohio Court of Claims Act, as codified in the Ohio Revised Code § 2743.02, provides that "filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any officer or employee." *Id.* The Sixth Circuit has interpreted this waiver to apply to "any cognate cause of action," including "federal causes of action as well as causes of action based on state law." *Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities*, 825 F.2d 946, 952 (6th Cir. 1987).

However, the Ohio Court of Claims Act further provides that the waiver of any cause of action "shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code Ann. § 2743.02 (West). Therefore, the validity of any waiver effected by an Ohio Court of Claims filing is contingent on a determination that is to be made exclusively by the Ohio Court of Claims. *Leaman*, 825 F.2d at 952 (6th Cir. 1987) (as to RC 2743.02(A)(1), "[t]he words 'the court' mean the Court of Claims.").

Defendants request that the Court take judicial notice of Ms. Peoples' related filing in the Ohio Court of Claims, *Ashli Peoples, Admr. v. Ohio Department of Rehabilitation and Correction*, Case No. 2023-0094. Ms. Peoples does not dispute the existence of the related filing, or that it is

2

indeed based upon the same "act or omission" forming the basis of her Complaint before the Court. In fact, there is apparent consensus among the parties that this case should not proceed until the Court of Claims has determined the validity of Plaintiff's waiver of claims. *See* ECF No. 6; ECF No. 15.

The Court agrees and finds that dismissal without prejudice is appropriate given that the Ohio Court of Claims has not yet made such a determination. *See Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 458 (6th Cir. 1998); *Haynes v. Marshall*, 887 F.2d 700, 705 (6th Cir. 1989); *White by Swafford v. Gerbitz*, 860 F.2d 661, 665 (6th Cir. 1988). Though Plaintiff's waiver of claims may later be determined to be void, its present effect is to bar all claims in Plaintiff's Complaint. Therefore, the Court does not address Defendants arguments for dismissal under alternative theories.

Plaintiff's Complaint is hereby **DISMISSED**, without prejudice.

**IT IS SO ORDERED**.

s/ James L. Graham
JAMES L. GRAHAM
United States District Judge

DATE: January 30, 2024